UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JONATHAN HIDALGO,

        Petitioner,

    v.

WARDEN FLORIDA SOFT SOUTH
(ALLIGATOR ALCATRAZ),
GARRET RIPA, ACTING
SECRETARY MARKWAYNE
MULLIN, TODD BLANCHE,

        Respondents.

_____/

Case No. 2:26-cv-1754-KCD-NPM

## ORDER

Petitioner Jonathan Hidalgo has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued detention violates the Fifth Amendment. (*Id.* at 5.)[2] Respondents oppose the petition. (Doc. 9.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

### I. Background

Hidalgo is a citizen of Venezuela who entered the United States in 2001. He was ordered removed in 2007. When the removal did not come to

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] The habeas petition is not paginated, so the Court uses the page numbering generated by its electronic filing system.

fruition, Hidalgo was placed on supervision. That status also recently ended, and Hidalgo has been in immigration custody since March 12, 2026. This habeas petition followed.

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

2

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 679 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Hidalgo cannot satisfy the initial temporal requirement. ICE took him into custody on March 12, 2026.[3] Because he has been detained

---

[3] The petition states that Hidalgo was taken into custody in January 2026. (Doc. 1 at 4.) But the detention paperwork says otherwise. (Doc. 9-1.) Using either date, the six-month mark has not been met. To the extent Hidalgo is pointing to earlier periods of detention to argue that the Court should aggregate his past and present stints in ICE custody to reach the six-month mark, this Court has already addressed and rejected that argument. *See Rodriguez v. U.S. Immigr. and Customs Enf't*, No. 2:26-CV-1043-KCD-DNF, 2026 WL 1156079, at *2-3 (M.D. Fla. Apr. 29, 2026).

for less than six months, he remains within the window in which his detention is presumptively reasonable. Seemingly recognizing this impediment, his habeas petition jumps to the burden-shifting framework, arguing that his removal is not likely. (Doc. 1.) But this argument puts the cart before the horse. Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Because Hidalgo remains inside that window, his current custody does not cross the line into the kind of indefinite, arbitrary lockup the Fifth Amendment forbids. Until that clock actually runs out, the Government retains the constitutional authority to hold him.

The habeas petition (Doc. 1) is **DENIED WITHOUT PREJUDICE** to Hidalgo refiling a new petition should his current detention exceed six months, and he can demonstrate there is no significant likelihood of removal

in the reasonably foreseeable future.[4] The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

ORDERED in Fort Myers, Florida on June 22, 2026.

Kyle C. Dudek
United States District Judge

---

[4] Hidalgo also makes two arguments that are non-starters. First, he seeks a bond hearing. (Doc. 1 at 6-7.) But following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021). Under § 1231, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A). Second, he argues that ICE did not have a warrant for his arrest. (Doc. 1 at 4.) That's also not something the Court can consider. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).